J-S27016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| M.V. | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 3610 EDA 2016 |

Appeal from the Order October 19, 2016
In the Court of Common Pleas of Bucks County
Family Division at No(s):  A06-2013-60663-C-37 Term, 2016

BEFORE:   GANTMAN, P.J., OTT, J. and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JUNE 09, 2017**

M.V. ("Father") appeals *pro se* from the October 19, 2016 order[1] in the

Court of Common Pleas of Bucks County that modified the existing custody

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The certified docket entries provide that, on October 20, 2016, "Order Entered, See File for Details.  Signed on 10/19/16."  **See** certified docket (Part 1 of 2 in certified record).

"[N]o order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court."  Pa.R.A.P. 301(a)(1).  The entry of an order and the specific date of entry is defined in Rule 108(b): "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."  Pa.R.A.P. 108(b).  Rule 236(b) requires that "[t]he prothonotary shall note in the docket the giving of the notice…."  "Thus, pursuant to the express terms of the rules, an order is not appealable until it is entered on the docket with the required notation that appropriate notice
*(Footnote Continued Next Page)*

order between him and J.R. ("Mother") regarding their daughter, H.V., born in August of 2009, and their son, J.V., born in August of 2012. We affirm.

The trial court aptly recounted the procedural and factual history of this case, which we adopt herein. **See** Trial Court Opinion, 12/19/16, at 1-3. Importantly, by order dated March 11, 2015, the court granted Father partial physical custody on the second Sunday of every month from 9:00 a.m. to 6:00 p.m., *inter alia*, and directed that the custody exchange point

*(Footnote Continued)* _____

has been given." **Frazier v. City of Philadelphia**, 735 A.2d 113, 115 (Pa. 1999) (citations omitted). **See also** G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 108:10, Volume 20 (2016-2017 ed.).

The Court of Common Pleas of Bucks County's docket entries do not comply with the above rules. There is no indication in the dockets when the Prothonotary provided notice to the parties. This is contrary to the procedural requirements mandated in the rules. "The procedural requirements reflected in the rules serve to promote clarity, certainty and ease of determination, so that an appellate court will immediately know whether an appeal was perfected in a timely manner, thus eliminating the need for a case-by-case factual determination." **Frazier**, 735 A.2d at 115 (citation omitted). The Court cautioned, "that the parties may have received notice of the order does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the rules." **Id**.

Technically, as explained above, the appeal period in this case was never formally triggered. **See id**. It would be, at this juncture, a waste of judicial resources to remand the matter solely for the filing of a Rule 236(b) notice. Accordingly, in the interest of judicial economy, we will regard as done what should have been done and address this appeal on the merits.

The Prothonotary of the Court of Common Pleas of Bucks County's failure to comply with Rule 236(b), Rule 108(b), and Rule 301(a)(1) results in the entry of orders that do not trigger appeal periods and hence hinders the timely review of these Children's Fast Track cases.

be at the Pennsylvania Turnpike headquarters, which is immediately adjacent to the Harrisburg East Turnpike interchange. Order, 3/11/15, at 2-3. That order was modified, in part, by the order dated January 22, 2016 ("existing custody order") which directed the parties to exchange the children near the Lebanon-Lancaster exit of the Pennsylvania Turnpike. In addition, the order directed that Father shall have telephone contact with the children for fifteen minutes every Sunday that he does not have custody. Further, the order directed Father to continue seeing his psychiatrist at least once per month and to obtain a report from his psychiatrist on his mental health status by July 1, 2016. *Id.* at 2.

On June 10, 2016, the parties filed *pro se* separate cross petitions for contempt and modification of the existing custody order.[2] Mother alleged Father was in contempt of the existing custody order by, *inter alia*, failing to exercise his partial physical custody. Mother requested modification of the existing custody order by granting her sole legal custody and Father supervised partial physical custody on the fourth Sunday of every month at the Children and Youth Services ("CYS") Access Center in Centre County, Pennsylvania. Father alleged Mother was in contempt by, *inter alia*, failing

---

[2] Father failed to appear for the custody conciliation conference on August 10, 2016, and by order dated August 11, 2016, the court dismissed his petitions. Our review of the record reveals that Father again filed *pro se* petitions for contempt and modification of the existing custody order on August 30, 2016.

to exchange the Children for his partial physical custody time. Father requested shared legal and primary physical custody.

The court held a hearing on the parties' cross petitions on October 19, 2016, during which Mother and Father appeared *pro se*. Mother testified on her own behalf. She emphasized her concern for the children's safety while in Father's physical custody based on a telephone conversation he had with the children in May "about taking them out on the water, out on the boat, out on a kayak." N.T., 10/19/16, at 10. Mother continued:

> And then the following three Sundays that [Father] spoke to [the children] in July [on the telephone], which was the 3rd, the 10th and the 17th, he mentioned taking them on the water to see if they could sink or swim. My daughter nor my son, they don't swim.
>
> [Father] mainly speaks to my daughter. My son is too young to have conversation for the most part. . . . My daughter was very upset because she said she didn't want to drown. And [Father] said, It's okay, we're just going to put you in the water and see if you can sink or swim. And he knew that I was listening to this. He knew I was upset about this. . . .

*Id.* at 10-11.[3] Father presented the testimony of his paramour, J.L.B., on his behalf. The court admitted documentary evidence introduced by Mother and Father in their respective cases.

At the conclusion of the testimonial evidence, on the record and in open court, the trial court addressed each of the mandatory best interest

___

[3] Although Mother did not specify the year that these conversations occurred between Father and the children, we presume it was 2016.

factors set forth in Section 5328(a) of the Child Custody Act ("Act"), 23 Pa.C.S. §§ 5321-5340. *See* N.T., 10/19/16, at 52-56.

By order dated October 19, 2016, the court granted Mother primary physical custody and Father "partial supervised visitation"[4] every fourth Saturday of the month. "These supervised periods shall be supervised by the personnel at the Centre County Child Access Center . . . and to take place at that location." Order, 10/19/16, at 1. The court granted Father "telephone contact with the children at such time as the parties mutually agree and absent such agreement at 6:00 PM on each Sunday. Father shall initia[te] the telephone calls which shall not exceed fifteen minutes in length." *Id.* The court granted the parties shared legal custody, but granted Mother the sole right to obtain passports for the children. *Id.* Moreover, the court directed Father to see his psychiatrist at least once per

_____

[4] "Partial supervised visitation" is not a term provided for in the Act. Rather, the Act provides:

b) *Other law.* — In a statutory provision other than in this chapter, when the term "visitation" is used in reference to child custody, the term may be construed to mean:

   **(1)** partial physical custody;

   **(2)** shared physical custody; or

   **(3)** supervised physical custody.

23 Pa.C.S. § 5322(b). In this case, we construe the term "partial supervised visitation" to mean "supervised physical custody."

month and to provide Mother with a report from the psychiatrist regarding his mental health status on or before November 9, 2016.  *Id.* at 3.  Lastly, the court directed "since Centre County, PA is now the home county of the children, all further proceedings regarding the children shall take place in that [c]ounty so long as Mother and the children remain . . . residents of Centre County."  *Id.*

Father filed *pro se* a notice of appeal on November 18, 2016.[5]  The trial court filed its Rule 1925(a) opinion on December 19, 2016.

_____

[5] Father failed to file a concise statement of errors complained of on appeal concurrently with the notice of appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).  By order dated November 21, 2016, the trial court directed Father to file a concise statement no later than 21 days from the date of the order. However, as explained above, the Court of Common Pleas of Bucks County's docket entries do not comply with Pa.R.C.P. 236(b), 108(b), and 301(a)(1). Therefore, the November 21, 2016 order is not entered on the trial court docket.  As a result of the breakdown in the trial court, on December 29, 2016, this Court issued a rule to show cause directing Father to file a concise statement in the trial court and to serve the trial judge and other parties no later than January 5, 2017.  Father responded and demonstrated that he timely complied.  *See Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223, 227 (Pa. Super. 2005) (stating that, if any one of the procedural steps set forth in Pa.R.C.P. 236 is missing, the appellant's failure to comply with Pa.R.A.P. 1925(b) will not result in waiver of the issues raised).

Father's procedural misstep was not prejudicial to Mother.  In addition, it did not impede the trial court's ability to issue a thorough Rule 1925(a) opinion. As such, Father's procedural error was harmless, and we do not quash or dismiss his appeal on this basis.  *See In re K.T.E.L.*, 983 A.2d 745 (Pa. Super. 2009); *cf. J.P. v. S.P.*, 991 A.2d 904, 908 (Pa. Super. 2010) (holding that appellant waived all issues by failing to file a concise statement of errors complained of on appeal when directed by the trial court).

Initially, we recognize as follows.

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.; Commonwealth v. Lyons***, 833 A.2d 245 (Pa. Super. 2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. ***Id***. at 252. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. ***Commonwealth v. Rivera***, 685 A.2d 1011 ([Pa. Super.] 1996).

***Wilkins v. Marsico***, 903 A.2d 1281, 1284-1285 (Pa. Super. 2006). In this case, there are numerous defects in Father's *pro se* brief that impede our ability to conduct meaningful review of the errors asserted in his concise statement.[6]

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

**(a) General rule**. -- The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

    (1) Statement of jurisdiction.

    (2) Order or other determination in question.

---

[6] Father's concise statement of errors complained of on appeal is more than eight pages in length.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the question involved.

(5) Statement of the case.

(6) Summary of the argument.

. . .

(8) Argument for the appellant.

(9) A short conclusion stating the precise relief sought.

Pa.R.A.P. 2111(a).

Instantly, Father does not include the Statement of the questions involved "separately and distinctly entitled" in his brief pursuant to Rule 2111(a)(4).  To the extent he raises questions for our review in his brief, they are difficult to decipher.  **See** Father's brief at 5.  To the best we can discern, Father questions whether the trial court abused its discretion in (1) showing bias against him and in favor of Mother; (2) violating his guarantee of due process of law under the Fourteenth Amendment to the United States Constitution; (3) not admitting documentary evidence involving the children's schools; and (4) finding credible Mother's testimony that he told the children he will take them on the water, as detailed above.  **Id.**

In addition, Father's brief does not include the Argument "separately and distinctly entitled" pursuant to Rule 2111(a)(8).  Father does include the Summary of argument in his brief pursuant to Rule 2111(a)(6), which consists of bald assertions of bias against him by the court and the violation

- 8 -

of his due process rights from the time Mother relocated with the children to Bellefonte, Pennsylvania in 2013 up through the subject custody order.[7] Father's *pro se* brief is entirely devoid of meaningful discussion with citation to any statutory or case authority. As such, we conclude that Father has waived his claims on appeal. ***See In re W.H.***, 25 A.3d 330, 339 n.3 (Pa. Super. 2011) (stating that issues are waived if appellate brief fails to provide meaningful discussion with citation to relevant authority); Pa.R.A.P. 2119(b).

Nevertheless, we have reviewed the testimonial and documentary evidence in the certified record pursuant to the following scope and standard of review and the principles of law governing custody matters.

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the

---

[7] The record includes a notice of proposed relocation filed by Mother *pro se* on November 13, 2013, wherein she notified Father that she will relocate with the children from Levittown, Pennsylvania, to Bellefonte, Pennsylvania. On November 25, 2013, Father filed *pro se* a counter-affidavit, wherein he did not object to the relocation, but he did object to the modification of the custody order. By agreed-upon order dated June 14, 2013, the parties were granted shared legal custody, Mother primary physical custody, and Father partial physical custody every Tuesday from 9:30 a.m. to 7:30 p.m., every Thursday from 9:00 a.m. to 6:00 p.m., and on alternating Saturdays from 7:30 a.m. to 7:00 p.m. Order, 6/14/13, at 2 (unpaginated).

conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F. v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

Further, we have stated the following.

[T]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

*Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006) (*quoting*

*Jackson v. Beck*, 858 A.2d 1250, 1254 (Pa. Super. 2004)).

The primary concern in any custody case is the best interests of the child. "The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well[-]being." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (*citing* *Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004)).

Section 5328(a) of the Act provides an enumerated list of factors a trial court must consider when awarding any form of custody. *See* 23 Pa.C.S. § 5328(a)(1)-(16). We have explained as follows.

Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice

of appeal." **C.B. v. J.B.**, 65 A.3d 946, 955 (Pa. Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013). . . .

> In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." **M.J.M. v. M.L.G.**, 63 A.3d 331, 336 (Pa. Super. 2013), *appeal denied*, [620 Pa. 710], 68 A.3d 909 (2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). **Id.**

**A.V. v. S.T.**, 87 A.3d 818, 822-823 (Pa. Super. 2014).

As stated above, in this case the trial court adequately addressed each of the Section 5328(a) best interest factors on the record and in open court at the conclusion of the testimonial evidence. **See** N.T., 10/19/16, at 52-56. The court also reiterated its findings in its Rule 1925(a) opinion. **See** Trial Court Opinion, 12/19/16, at 4-5. We conclude the court carefully and thoroughly considered the children's best interests, and the testimonial and documentary evidence overwhelmingly supports the court's custody decision. Accordingly, we affirm the order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017

- 11 -